859 F.2d 150
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carmella J. HENDERSON, Plaintiff-Appellant,
v.
FAIRFAX COUNTY PUBLIC SCHOOLS, Defendant-Appellee,
and
James S. Sebben, Defendant.
 No. 87-2636.
 United States Court of Appeals, Fourth Circuit.
 Argued May 3, 1988.
Decided Sept. 9, 1988.
 
 John A. Rosenthall for appellant.
 Stephen W. Robinson (Michael F. Marino, Ann-Mac Cox, McGuire, Woods, Battle and Boothe on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Carmella J. Henderson appeals the district court's grant of a directed verdict to the defendant Fairfax County Public Schools (Fairfax Schools) in Henderson's Title VII action in which she alleged race and sex discrimination. We agree with the district court that Henderson failed to establish a prima facie case of discrimination, and affirm its ruling.
 
 
 2
 Henderson is a black female school teacher employed in the Fairfax County Public School System. In June 1984 she applied for three school principal positions that had been advertised in the school system's employee newsletter. She and the other applicants then appeared before a screening panel whose function was to determine which applicants were eligible for the principal positions.
 
 
 3
 Henderson asked the panel whether her lack of certain state certifications, which had been listed as a requirement for the principal posts, would pose a problem. She was told her credentials were in order in that respect. At some point in the hiring process the requirement for these state certifications was formally waived. Some applicants were told of this; Henderson was not.
 
 
 4
 The screening panel listed Henderson as ineligible for the posts. Henderson then notified Fairfax Schools officials that she had been listed as eligible by a different panel in 1983. Fairfax Schools officials informed her that the listing of her as ineligible by the second panel was a mistake, and they corrected her status. She was placed on a list for a personal interview for the principal positions.
 
 
 5
 Assistant Superintendent Beatrice Cameron interviewed Henderson and the other eligible candidates for the three positions. Cameron's hiring recommendations to the Superintendent did not include Henderson. The Superintendent adopted Cameron's recommendations and selected three whites as principals, one of whom was a woman. One of the persons selected had been among a group of people called by certain Fairfax Schools officials and encouraged to apply. Henderson did not receive one of these calls. Those officials however did not make the hiring decisions.
 
 
 6
 Another of the persons selected had been recommended by Cameron prior to Cameron's interview of Henderson. Cameron testified that this was not extraordinary and that a recommendation of one candidate did not preclude a candidate interviewed later from being recommended. In the past Cameron had sent superseding recommendations based on later interviews.
 
 
 7
 Henderson does not contend that the three successful candidates for the principal positions possessed qualifications inferior to her own. Rather, she alleges that Fairfax Schools were engaging in the prohibited conduct of "treating 'some people less favorably than others because of their race.' " Furnco Const. Corp. v. Waters, 438 U.S. 567, 577 (1978) (quoting Teamsters v. United States, 431 U.S. 324, 335 n. 15 (1977)).
 
 
 8
 Henderson has satisfied three of the four elements for a prima facie case of discriminatory treatment. She (1) belongs to a racial minority; (ii) applied and was qualified for the principal positions for which Fairfax Schools was seeking applicants; and (iii) was rejected despite her qualifications. See Holmes v. Bevilacqua, 794 F.2d 142, 146 (4th Cir.1986) (en banc) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). In her situation, where there were no remaining job vacancies after qualified persons were chosen from a group of which she was a part, a different fourth element of prima facie proof is required than was mandated in McDonnell Douglas. Henderson "must present some other evidence that [her] race was a factor considered by [her] employer in not granting [her] the promotion. There must be some evidence that race was a determining factor in the employer's decision." Holmes, 794 F.2d at 147.
 
 
 9
 That race was a factor in the employer's decision "can in some situations be inferred from the mere fact of differences in treatment" of employees. Teamsters, 431 U.S. at 335 n. 15; see also Giles v. Ireland, 742 F.2d 1366, 1374 (11th Cir.1984). Establishing a prima facie case based on this inference, however, requires evidence that Henderson was not selected "under conditions which, more likely than not, were based on impermissible racial considerations." Gairola v. Commonwealth of Virginia Dep't of Gen. Serv., 753 F.2d 1281, 1286 (4th Cir.1985) (quoting Young v. Lehman, 748 F.2d 194, 196 (4th Cir.1984), cert. denied, 471 U.S. 1061 (1985)).
 
 
 10
 Our review of the record reveals no inference of racial motive in the hiring process for the three principal positions. The irregularities of the hiring process reflect minor inconsistencies rather than racial prejudice. When Henderson alerted officials that she had passed a previous promotion screening panel, the mistake was immediately corrected and she was listed as eligible. It is true that she did not receive word of the waiver of the professional certifications requirement but she was told that her credentials were in order and that she was eligible. Nor does the recruitment of applicants by Fairfax Schools officials only tangentially connected to the hiring process implicate racial motives. The combination of these inconsistencies may have left Henderson with a justified feeling of being slighted by the application process, but they do not give rise to an inference of racial discrimination.
 
 
 11
 On appeal Henderson for the first time seeks to establish a disparate impact theory in her case. We would see no merit in this claim, even if it were properly before us.
 
 
 12
 Finally, Henderson argues that Fairfax Schools' oral motion for a directed verdict at the close of her evidence did not "state the specific grounds," as required by Fed.R.Civ.P. 50. We find no merit in this claim, since counsel for Fairfax Schools offered to elaborate on the motion, but the court declined, stating that it understood the details. Counsel for Henderson objected to the motion for directed verdict "for the same reasons that we stated and the same reasons that we have in our conclusions of law," showing its familiarity with the basis for the motion.
 
 
 13
 On appeal Fairfax Schools moved for attorney fees on the asserted grounds that the appeal was frivolous. We disagree with that assessment of the appeal and deny Fairfax Schools' motion for attorney fees. The judgment of the district court is therefore affirmed.
 
 
 14
 AFFIRMED.